J-S33007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JERRY EUGENE SHRUBB | |
| Appellant | No. 637 WDA 2015 |

Appeal from the PCRA Order March 18, 2015
in the Court of Common Pleas of Elk County Criminal Division
at No(s): CP-24-CR-0000330-2005

BEFORE: GANTMAN, P.J., OLSON, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 17, 2016**

Appellant, Jerry Eugene Shrubb, appeals from the order entered in the Elk County Court of Common Pleas dismissing his second Post Conviction Relief Act[1] ("PCRA") petition, filed *pro se*.  Appellant contends the PCRA court erred when it determined (1) it was without authority to reinstate Appellant's right to file a petition for allowance of appeal and (2) Appellant did not meet the exception for untimely petitions pursuant to 42 Pa.C.S. § 9545(b)(1)(ii) and (2).  We affirm.

On May 31, 2007, a jury convicted Appellant of five counts of receiving stolen property[2] and three counts each of arson[3] and burglary.[4]  The trial

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3925(a).

court sentenced Appellant on August 17, 2007, and this Court affirmed on June 13, 2010. *Commonwealth v. Shrubb*, 327 WDA 2008 (Pa. Super. June 10, 2010) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 16, 2011. *Commonwealth v. Shrubb*, 20 A.3d 487 (Pa. 2011). Appellant did not seek further review in the United States Supreme Court.

On June 22, 2011, Appellant filed a timely, counseled PCRA petition.[5] The PCRA court, following a hearing, denied the petition on June 22, 2012. Order, 6/22/12. Appellant timely appealed, and this Court affirmed on April 10, 2013. *Commonwealth v. Shrubb*, 1147 WDA 2012 (Pa. Super. Apr. 10, 2013) (unpublished memorandum). Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court. On April 24, 2014,[6] Appellant filed with this Court a *pro se* "motion for reconsideration/reargument/reinstatement."[7] Appellant requested to amend

---

[3] 18 Pa.C.S. § 3301(a)(ii).

[4] 18 Pa.C.S. § 3502(a).

[5] We note the counseled petition is titled "Amended Motion for Post Conviction Collateral Relief." Am. PCRA Pet., 6/22/11, at 1. The record does not contain an initial petition.

[6] Appellant's motion was docketed on April 30, 2014. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (discussing prisoner mailbox rule).

[7] On October 30, 2015, Appellant filed an "Application for Judicial Notice" with this Court. Appellant seeks to have this Court take judicial notice of "the contents" of his appellate brief and motion to reconsider that was

the issues raised in his PCRA petition to include a claim of PCRA counsel abandonment and contended, "his matter should be held under the Equitable Tolling standard." Mot. for Recons., 4/24/14, at 3-4. This Court denied Appellant's motion on May 12, 2014. *Per Curiam* Order, 5/12/14.

On September 10, 2014,[8] Appellant filed, *pro se*, his second PCRA petition, which gives rise to this counseled appeal. Therein, he cited numerous claims of prosecutorial misconduct, challenged the sufficiency of the evidence supporting his convictions,[9] and asserted ineffective assistance of his trial counsel and first PCRA counsel. **See** *Pro Se* PCRA Pet., 9/10/14, at 1-10.[10] Appellant averred government interference prevented him from timely filing his PCRA petition because

> [t]he Department of Corrections did censor and failed to forward 'privileged correspondence' between [Appellant's] attorney of record and [Appellant] of

---

submitted in his appeal from the denial of his first PCRA petition. Application for Judicial Notice, 10/30/15, at 2 (unnumbered). We construe Appellant's request as a motion to supplement the record, and grant the motion.

[8] Appellant's PCRA petition was received and docketed on October 1, 2014. Appellant included in the record a cash slip time-stamped by the Department of Corrections indicating he deposited his petition for mailing with prison authorities on September 10, 2014. Thus, we deem his petition filed on that date. **See Jones**, 700 A.2d at 426.

[9] We note Appellant raised a sufficiency of evidence argument in his direct appeal, and this Court concluded he was not entitled to relief on that claim. **See Shrubb**, 327 WDA 2008, at 13-21.

[10] Appellant inserted in his petition, between pages four and five, a separate, nine-page document explaining the facts supporting his petition. We will cite to this material as "*Pro Se* PCRA Pet. at Ex. 1."

> the Final Order / Superior Court Decision [affirming the dismissal of Appellant's first PCRA petition] . . . which is absent service in the legal mail logbook, before [Appellant's] counsel, Blair H. Hindman, Esq., abandoned his case.

*Id.* at 3.

Appellant indicated, "the following facts were previously unknown to" him: "[t]he fact that Corpus Delecti has not been established in this instant matter." *Id.*

Regarding PCRA counsel's stewardship, Appellant alleged:

> On P.C.R.A., [Appellant] was ill-advised to drop two of his long-standing issues, and subsequently the P.C.R.A. was denied. A P.C.R.A. appeal was then submitted and was later abandoned by his attorney of record, Blair H. Hindman. On or about, May 12, 2014, a copy of the Superior Court Decision . . . Final Order was first afforded to [Appellant].

*Id.* at Ex. 1, 6-7.

On January 15, 2015, the PCRA court filed its notice of intent to dismiss Appellant's petition pursuant to Pa.Crim.P. 907. With respect to Appellant's claim that the Department of Corrections interfered with his receipt of notice of the Superior Court's April 10, 2013 decision, the PCRA court concluded "[petitioner] has not demonstrated that he complied with the requirement of filing his second PCRA petition within 60 days of his purported receipt of the April 10, 2013 Superior Court denial of the appeal of his first PCRA petition on or about May 12, 2014 . . . ." Rule 907 Notice, 1/15/15, at 4. The PCRA court found Appellant failed to plead and prove

that his untimely petition was the result of previously unknown facts, *i.e.*, "that Corpus Delecti has not been established in the instant case." *Id.* The court reasoned, "[t]he [petitioner] has asserted no timeline whatsoever in terms of when evidence purportedly became available or what that evidence may be." *Id.*

On February 2, 2015, Appellant filed a response to the Rule 907 notice. He contended that he first received notice of the Superior Court's decision on April 16, 2014. Appellant's Resp. to Rule 907 Notice, 2/2/15, at 1. *Contra* *Pro Se* PCRA Pet. at Ex. 1, 6-7 (stating Appellant first received notice of the decision on May 12, 2014). He further argued he "was prejudiced by being denied service of a timely order which prevented any furtherance of review to the Supreme Court of Pennsylvania . . . ." Appellant's Resp. to Rule 907 Notice at 1; *see also id.* at 2.

On March 18, 2015, the PCRA court issued an opinion and accompanying order dismissing Appellant's petition. On April 16, 2015, Appellant filed a counseled notice of appeal. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement, and the PCRA court filed a Rule 1925(a) response.

On appeal, Appellant raises the following issues:

> 1. Whether the [PCRA c]ourt erred in concluding that, even if it found that [Appellant's] *pro se* PCRA Petition was timely, it did not have the power to reinstate [Appellant's] right to file a Petition for Allowance of Appeal in the Supreme Court?

- 5 -

2. Whether the [PCRA c]ourt erred in dismissing [Appellant's] PCRA Petition, without a hearing, on the basis that it was untimely under 42 Pa.C.S. § 9545(b)(1), when the facts underlying [Appellant's] ineffectiveness claim against his First PCRA Counsel were previously unknown and could not have been ascertained by the exercise of due diligence?

3. Whether the [PCRA c]ourt erred in dismissing [Appellant's] PCRA Petition, without a hearing, on the basis that it was untimely under 42 Pa.C.S. § 9545(b)(2), when the Petition was indeed timely under that subsection because, within sixty days of belatedly receiving the Superior Court's Order affirming the denial of his First PCRA Petition, [Appellant] filed a *pro se* pleading in the Superior Court asserting an ineffectiveness claim against PCRA Counsel?

Appellant's Brief at 5.

First, Appellant argues he received ineffective assistance of counsel from his first PCRA counsel,[11] and the PCRA court erroneously concluded that it was without authority to reinstate Appellant's right to file a petition of allowance of appeal from this Court's April 10, 2013 decision. ***See id.*** at 28-32. Next, Appellant claims the PCRA court erred in dismissing his petition because he met the timeliness exception under 42 Pa.C.S. § 9545(b)(1)(ii). ***Id.*** at 33. Specifically, Appellant avers he did not receive a copy of this Court's April 10, 2013 decision "until April 2014. Thus, [Appellant] did[ not] learn **until around that time** that PCRA Counsel's abandonment would prevent him from continuing his appeal." ***Id.*** at 35-36 (footnote omitted

---

[11] ***See*** 42 Pa.C.S. § 9543(a)(2)(ii).

and emphasis added). Finally, Appellant argues his petition was timely under 42 Pa.C.S. § 9545(b)(2) because he filed "a *pro se* document in the Superior Court" "on or about April 30, 2014," within sixty days of his discovery of this Court's April 10, 2013 decision. For the reasons that follow, we disagree.

Our review is limited to whether the findings of the PCRA court are supported by the record and free of legal error. *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). Our standard of review of the PCRA court's legal conclusions is *de novo*. *Id.*

However,

> [b]efore we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. . . . However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition set forth at 42 Pa.C.S.A § 9545(b)(1)(i), (ii), and (iii) are met. The PCRA provides, in relevant part, as follows.
>
> ### § 9545. Jurisdiction and proceedings
>
> *    *    *
>
> (b) Time for filing petition.—
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the

judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this chapter and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

\* \* \*

42 Pa.C.S.A § 9545(b).

*Id.* at 992-93 (quotation marks and some citations omitted).

The jurisdictional filing mandates of the PCRA "are **strictly construed**." *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citation omitted and emphasis added). Moreover, "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save

to the extent the doctrine is embraced by § 9545(b)(1)(i)-(iii)."
***Commonwealth v. Fahy***, 737 A.2d 214, 222 (Pa. 1999).

In the case *sub judice*, Appellant's judgment of sentence became final on June 14, 2011, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. **See** Sup.Ct.R. 13; 42 Pa.C.S. § 9545(b)(3). Appellant filed the instant *pro se* petition on September 10, 2014. Thus, it is facially untimely. Appellant claimed in his **petition** that he met the government interference exception at 42 Pa.C.S. § 9545(b)(1)(i) because the Department of Corrections prevented him from receiving correspondence from his appellate counsel which informed him of the Superior Court's April 10, 2013 decision. *Pro Se* PCRA Pet. at 3. Liberally construing his petition,[12] he alternatively posits he did not learn of the April 10, 2013 decision **because** he was abandoned by appellate counsel.[13] **See** ***id.*** at Ex. 1, 6-7. He therefore argues in the instant appeal that he fulfilled the newly-discovered facts exception at 42 Pa.C.S. § 9545(b)(1)(ii) because he did not discover counsel's "abandonment" until April 2014. **See** Appellant's Brief at 33-37.

---

[12] **See In re Ullman**, 995 A.2d 1207, 1211 (Pa. Super. 2010).

[13] We note Appellant included in his opposition to the PCRA court's Rule 907 notice a letter from his appellate counsel's law office which read, in part, "a copy of the Superior Court Order dated April 10, 2013 was mailed to you on May 14, 2013[.]" Appellant's Resp. to Rule 907 Notice at Ex. F.

Appellant acknowledges he learned of this Court's April 10, 2013 decision on April 16, 2014. Appellant's Resp. to Rule 907 Notice at 1; Appellant's Brief at 35-36. Accordingly, in order to satisfy any exception to the jurisdictional time-bar, Appellant needed to file his petition on or before June 16, 2014. *See* 42 Pa.C.S. § 9545(b)(2); *see Fahy*, 737 A.2d at 222. Consequently, Appellant did not meet the strict jurisdictional filing mandates of the PCRA because he filed the instant petition on September 10, 2014, in excess of sixty days from when the claim could have been presented.[14] *See Taylor*, 65 A.3d at 468. Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's petition as untimely. *See Miller*, 102 A.3d at 992.

Order affirmed. Motion to supplement the record granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2016

---

[14] Moreover, Appellant's motion for reconsideration, which was filed after the Superior Court's decision affirmed the denial of his first PCRA petition, sought to **amend** his first PCRA petition. Mot. for Recons. at 3-4. It was not, as Appellant now suggest on appeal, a second PCRA petition. Further, Appellant did not argue in the instant petition that his motion for reconsideration met the time-bar exception at 42 Pa.C.S. § 9545(b)(1)(ii) and (2). *See Commonwealth v. Roney*, 79 A.3d 595, 611 (Pa. 2013) (noting PCRA petitioner waived his claim for failure to raise it before the PCRA court).